**Rodney Scott MAHER, Plaintiff,**

v.

**CONTINENTAL CASUALTY COMPANY, Defendant.**

Civ. A. No. 6:93–0916.

United States District Court,
S.D. West Virginia,
Parkersburg Division.

May 17, 1994.

See also 852 F.Supp. 507.

Joseph W. Caldwell, Caldwell, Cannon–Ryan & Riffee, and Vincent J. King, Charleston, WV, for plaintiff.

Richard A. Hayhurst, Parkersburg, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is the Plaintiff's motion for new trial, filed April 14, 1994. For reasons set forth in the memorandum opinion and order entered April 12, 1994, and for other reasons set forth below, the Court DENIES the motion.

On November 6, 1992, the Bankruptcy Court entered partial summary judgment in favor of the Plaintiff, ruling that Plaintiff was entitled to coverage for lost business income.[1] Shortly thereafter the Defendant made an offer within approximately $300.00 of the $5,117.98 judgment ultimately obtained. On January 14, 1994, the Defendant made a formal offer of judgment of $12,000, or more than twice the judgment amount.

1. After a *de novo* review of uncontested issues, on February 24, 1994, the Court affirmed the Bankruptcy Court order granting partial summary judgment.

"Whenever a policyholder substantially prevails in a property damage suit against its insurer, the insurer is liable for: (1) the insured's reasonable attorneys' fees in vindicating its claim; [and] (2) the insured's damages for net economic loss caused by delay in settlement, and damages for aggravation and inconvenience." *Hayseeds, Inc. v. State Farm Fire & Cas.*, 177 W.Va. 323, 352 S.E.2d 73 syl. pt. 1 (1986).

"[T]he question of whether the insured has substantially prevailed against his insurance company on a property damage claim is determined by the status of the negotiations between the insured and the insurer prior to the institution of the lawsuit." *Thomas v. State Farm Mut. Auto. Ins. Co.*, 181 W.Va. 604, 608, 383 S.E.2d 786, 790 (1989). The Court must examine "the status of the property damage claim at the time the negotiations broke down." *Id.* "Where the insurance company has offered an amount materially below the damage estimates submitted by the insured, and the jury awards the insured an amount approximating the insured's damage estimates, the insured has substantially prevailed." *Id.* at 608–609, 383 S.E.2d at 790–791.

In *Thomas* the court explained the rationale behind *Hayseeds* damages: *"Where the insurer has no defense to the contract coverage,* it is expected to deal fairly and promptly with the insured to pay off the property damage loss. The purpose of the *Hayseeds* rule was to obtain this result and to avoid thrusting on the insured the burden of hiring an attorney and litigating against his own insurer." *Id.* at 608, 383 S.E.2d at 790 (emphasis added).

Prior to the Bankruptcy Court's summary judgment ruling, the Defendant had an arguable, good faith defense to Plaintiff's claim for lost business income. Specifically, it was unclear whether there was a "suspension" of operations sufficient to trigger coverage for lost business income.

Once the Bankruptcy Court concluded coverage should apply, Continental Casualty

made a prompt settlement offer approximating the amount ultimately recovered.

 Under these circumstances, the Court believes it should focus on the status of negotiations following the Bankruptcy Court's summary judgment ruling. The *Thomas* rationale for focusing on negotiations prior to institution of the lawsuit does not apply in this case, because prior to summary judgment Continental Casualty had an arguable basis for denying coverage.

 Negotiations "broke down" when the Bankruptcy Court granted summary judgment, thereby clarifying each party's legal position, and the litigants were still unable to reach agreement.

Because the amount ultimately awarded approximates the amount offered by Continental Casualty following summary judgment, the Court concludes the Plaintiff failed to "substantially prevail" under *Hayseeds*.[2]

Accordingly the Court **DENIES** the Plaintiff's motion for new trial.

---

2. The Plaintiff has also failed to demonstrate whether his demand prior to institution of the lawsuit more closely approximates the judgment amount than the zero dollar, pre-litigation figure offered by Continental. The Plaintiff's supporting memorandum does not set forth the amount of the pre-litigation demand.